**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| CONTRARIAN EMERGING MARKETS, L.P., GMO EMERGING COUNTRY DEBT FUND, GMO EMERGING COUNTRY DEBT INVESTMENT FUND PLC, and GMO EMERGING COUNTRY DEBT (UCITS) FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>  -against-<br><br>THE REPUBLIC OF ECUADOR,<br><br>        Defendant. | 20 Civ. 5890 |

## SECOND DECLARATION OF MICHAEL E. GINNINGS IN SUPPORT OF APPLICATION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

MICHAEL E. GINNINGS, pursuant to 28 U.S.C. § 1746 declares under penalty of perjury as follows:

1.      I am over the age of 18 years old, and reside in Rye, New York.  I serve as the Senior Vice President of Contrarian Capital Management, LLC, which manages and advises Plaintiff Contrarian Emerging Markets, L.P. ("Contrarian Emerging Markets").  I submit this supplemental declaration in support of Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order.  I have personal knowledge of the facts set forth in this declaration and am competent to testify to such facts if called as a witness.

2.      In my role as Senior Vice President, I have a variety of responsibilities, which include but are not limited to, sourcing, analyzing and executing investments in debt securities

globally, including sovereign investment opportunities on behalf of funds which Contrarian Capital Management, LLC ("Contrarian Capital Management") manages and advises, including accounts for Contrarian Emerging Markets. Contrarian Capital Management has offices in Greenwich, Connecticut, where I work.

3. Contrarian Emerging Markets holds hundreds of millions of dollars of bonds issued by the Republic of Ecuador which are held in the United States by its prime broker, Wells Fargo Securities, LLC.

4. I am familiar with the process whereby Contrarian Capital Management responds to consents and tender orders for the accounts it manages, including the process for doing so with respect to the Consent Solicitation and Invitation to Exchange Eligible Bonds for New Securities of the Republic of Ecuador (the "Solicitation and Exchange"). As I understand the process, should Contrarian Capital Management elect to send consents and tender orders in response to the Solicitation and Exchange, irrevocable liability would attach, and title for the new securities would transfer, in the United States as set forth below.

5. Wells Fargo, our prime broker, submits a request for corporate action to Contrarian Capital Management. Contrarian Capital Management receives that request electronically in Greenwich, Connecticut. I attach as Exhibit A a redacted example of such a request for action relating to the Solicitation and Exchange which Contrarian Capital Management's Operations Team (the "Operations Team") received on July 22, 2020. The request for corporate action requests that Contrarian Capital Management respond to the Solicitation and Exchange.

6. I, or another employee of Contrarian Capital Management's investment team in Greenwich, Connecticut, would instruct the Operations Team on how to respond to the request

for corporate action. The Operations Team, also in Greenwich, Connecticut, would then respond electronically through Wells Fargo in the United States. Therefore, if for example, Contrarian Emerging Markets were to submit its consents and tender orders for the Solicitation and Exchange, it would do so electronically through Wells Fargo in the United States.

7.     Wells Fargo would, in turn, relay the corporate action response to Global Bondholder Services Corporation ("GBSC"), the Information, Tabulation and Exchange Agent, hired by Ecuador. GBSC's offices are located at 65 Broadway, Suite 404, New York, New York 10006.

8.     I understand that if the consents and tender orders are submitted by Contrarian Capital Management on behalf of Contrarian Emerging Markets for the Solicitation and Exchange, irrevocable liability for the consents and tender orders attaches in the United States, and Contrarian Emerging Markets may not revoke its consents and tender orders.

9.     The Invitation Memorandum issued by Ecuador makes clear that once delivered, consents and tenders order "may not be revoked or withdrawn at any time," except in limited circumstances involving a material change or waiver to terms or conditions of the Invitation, to be determined by the Republic of Ecuador in its sole discretion. (*See, e.g.*, Invitation Memorandum, attached as <u>Exhibit B</u>, at ii.) Therefore, irrevocable liability occurs in the United States when Contrarian Capital Management sends the consents and tender orders electronically through Wells Fargo.

10.     It is my understanding that on the Settlement Date, Citigroup Global Markets ("Citigroup"), the exclusive solicitation agent and dealer manager hired Ecuador, would receive title for the old bonds tendered by Contrarian Emerging Markets, and Ecuador would transfer title of the new bonds to Contrarian Emerging Markets. It is my understanding that Citigroup is

the dealer-manager that effectuates this exchange of title. I understand that Citigroup's offices are located at 388 Greenwich Street, New York, New York, as per the Invitation Memorandum.

11.    Citigroup would, in turn, send to Wells Fargo, the prime broker in the United States, the new bonds owned by Contrarian Emerging Markets.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30 day of July 2020 in Greenwich, Connecticut.

Michael E. Ginnings
Senior Vice President
Contrarian Capital Management, LLC *on behalf of*
Plaintiff Contrarian Emerging Markets, L.P.