Christopher J. Clark
Direct Dial: 212-906-1350
chris.clark@lw.com

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

July 30, 2020

<u>VIA ECF</u>

The Honorable E. Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

   Re: *Contrarian Emerging Markets, L.P., et al. v. The Republic of Ecuador*, Case No.
      1:20-cv-05890-VEC-OTW

Dear Judge Caproni:

  On behalf of Plaintiffs Contrarian Emerging Markets, L.P., GMO Emerging Country Debt Fund, GMO Emerging Country Debt Investment Fund plc, and GMO Emerging Country Debt (UCITS) Fund (collectively, "Plaintiffs"), we write to request permission to file Exhibit A to the Second Declaration of Michael E. Ginnings in Support of Application for Preliminary Injunction and Temporary Restraining Order in the above-captioned case under seal, pursuant to Rule 5.A of Your Honor's Individual Practices in Civil Cases. Defendant does not object to this redaction. Plaintiffs make this request because this Exhibit contains sensitive financial information regarding Contrarian Emerging Markets, L.P.'s holdings.

  The Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) explained that the presumption of public access to judicial documents rests on the notion that public monitoring of the work of the federal courts "is an essential feature of democratic control. . . . [s]uch monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions." Once a court has determined that the documents sought to be sealed are judicial documents to which a common law presumption of access attaches, it must determine the weight of that presumption. *Id*. at 119.

  At the same time, this Court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in [its] courts." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). And under relevant case law, "[t]he parties may file . . . documents under seal because they include confidential business information . . . ." *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 Civ. 6100 (PKC), 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012); *see also Graczyk v. Verizon Commc'ns, Inc.*, No. 18 Civ. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) ("[c]ourts in this Circuit routinely permit parties to redact sensitive financial information . . ."). The information sought to be filed under seal is also of a limited quantity, as it accounts for a small portion of one of several pages.

**LATHAM & WATKINS** LLP

This further supports the issuance of a sealing order. *Avocent Redmond*, 2012 WL 3114855, at *15.

      Accordingly, Plaintiffs respectfully request that the Court issue an order permitting it to file (1) a redacted version of Exhibit A to the Second Declaration of Michael E. Ginnings in Support of Application for Preliminary Injunction and Temporary Restraining Order and (2) an unredacted version of the Exhibit under seal.


Dated: July 30, 2020
      Greenwich, Connecticut

Respectfully submitted,

LATHAM & WATKINS LLP

/s/ Christopher J. Clark
Christopher J. Clark
885 Third Avenue
New York, New York 10022
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: chris.clark@lw.com

*Attorney for Plaintiffs Contrarian Emerging Markets, L.P., GMO Emerging Country Debt Fund, GMO Emerging Country Debt Investment Fund plc, and GMO Emerging Country Debt (UCITS) Fund*